## Weister *v.* Young, Appellant.

*Wills—Devise—Estate in fee simple — Death in lifetime of testatrix.*

1. Two brothers to whom their mother devised land, take a fee simple title therein where the language of the devise is as follows: "I give and bequeath to my sons......all my real estate. At the death of either son the surviving son is to become sole heir. At. the death of both sons, if either have any heirs, share and share alike."

2. In such a case the sons took an absolute estate under the first sentence of the quoted clause, and this without regard to anything contained in the second and third sentences.

Submitted Oct. 1, 1919.  Appeal, No. 121, Oct. T., 1919, by defendant, from judgment of C. P. Westmoreland Co., Aug. T., 1918, No. 126, for plaintiff on case stated in case of W. J. Weister and J. H. Weister v. W. L. Young. Before Brown, C. J., Stewart, Frazer, Walling, Simpson and Kephart, JJ.  Affirmed.

Case stated to determine the marketable title to real estate.

The case was heard before McConnell, P. J., who entered judgment for plaintiff for $7,900, on the ground that the second and third sentences in the clause of the will quoted in the opinion of the Supreme Court applied only to the death of one or both sons in the lifetime of the testatrix.  Defendant appealed.

*Error assigned* was the judgment of the court on the case stated.

*John C. Silsley,* for appellant.

No printed brief for appellee.

PER CURIAM, October 22, 1919:

The third clause of the will of Elizabeth Weister is as follows: "I give and bequeath to my sons John and Jacob H. all my real estate consisting of the farm near North Washington now occupied by J. B. Carnahan. At the death of either son the surviving son is to become sole heir. And at the death of both sons, if either have any heirs, it is to be divided among the heirs, share and share alike." The two sons designated by the testatrix as John and Jacob H. are W. J. and J. H. Weister, the appellees, both of whom are still living. The correct conclusion of the learned court below was that, under the first sentence of the quoted clause of their mother's will, they took an absolute title to the farm, and this without regard to anything contained in the second and third sentences. The judgment in their favor on the case stated is accordingly affirmed.